**Manjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71663.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Patricia A. Smith, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Manjit Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004), and grant the petition for review.

Substantial evidence does not support the finding that Singh's testimony regarding the reason for his 1999 arrest was inconsistent with his asylum application. *See He v. Ashcroft*, 328 F.3d 593, 603 (9th Cir.2003). Substantial evidence also does not support the adverse credibility finding based on the omission of Singh's treatment by an herbalist from his asylum application. Minor omissions from an alien's asy-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lum application do not support an adverse credibility determination. *See Bandari v. INS*, 227 F.3d 1160, 1166–67 (9th Cir. 2000).

The BIA's and IJ's findings that Singh was not credible due to his failure to adhere to all of the traditions of the Sikh religion are not supported by substantial evidence. The State Department report does not provide a specific, cogent reason for disbelieving Singh because he never claimed to be a devout Sikh. *See Bandari v. INS*, 227 F.3d 1160, 1166–67 (9th Cir. 2000). The finding that Singh's ability to obtain an exit visa demonstrated that the Indian police were not looking for him is impermissible speculation. *See id.* at 1167–68.

Finally, the BIA found Singh not credible because his father's affidavit did not clearly describe the details of Singh's final arrest in India and because Singh provided no additional corroborating evidence of his identity as a Sikh. As substantial evidence supports a finding that Singh's testimony was credible, Singh was not required to provide corroborating evidence to sustain his burden of proof. *See Shah v. INS*, 220 F.3d 1062, 1070 (9th Cir.2000).

We remand this matter to the BIA for further proceedings to determine whether, accepting Singh's testimony as credible, he is eligible for asylum, withholding of removal, or relief under the Convention. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**